UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LUIS SAUCEDO,

  Plaintiff,

v.                                                                              06-3046

WAYNE STEEL et al.,

  Defendants.

## ORDER

      The plaintiff's Complaint seeks damages for procedural due process violations in a prison disciplinary hearing in which he lost good time.

      The plaintiff's claims go directly to the validity of the punishment imposed on him. Under Supreme Court precedent, a 42 U.S.C. Section 1983 action challenging disciplinary hearings in which good time is lost is barred until the disciplinary proceeding has been otherwise invalidated (for example, expunged, struck down by state courts, or invalidated in a federal habeas corpus proceeding). Prisoners "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" (such as the restoration of good time credits) must pursue their challenge under the federal habeas statute, not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000), *citing Preiser*, 411 U.S. at 489-90. Claims that "necessarily impl[y] the invalidity of the punishment imposed (i.e., loss of good time credits) . . . [are] not cognizable under § 1983" until the prison disciplinary decision has been invalidated. *Id.*at 615; *see also Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994). This is so even though the plaintiff does not ask for the restoration of good time, because a judgment in the plaintiff's favor would necessarily mean that his good time should be restored and that he should be released from prison sooner. The plaintiff therefore cannot pursue this Section 1983 claim for damages until he has otherwise invalidated the loss of good time.

      The plaintiff has filed a motion to amend his complaint, to "correct errors" such as naming the defendants in their individual capacities (d/e 3). The motion will be denied because the Court sees no amendment that could be made to make this case actionable under Section 1983 at this point. Naming the defendants in their official or individual capacities will not change the result.

IT IS THEREFORE ORDERED: Pursuant to 28 U.S.C. Section 1915A, the plaintiff's complaint is dismissed, without prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994), and progeny. All pending motions are denied as moot (d/e 3), parties to bear their own costs. This case is terminated.

Entered this 8th Day of May, 2006.

                              **s\Harold A. Baker**

                              HAROLD A. BAKER
                          UNITED STATES DISTRICT JUDGE